IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BENJAMIN KARL SMITH, | CV 16-00048-H-DLC-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| SAM JOVANOVICH, et al., | |
| Defendants. | |

Plaintiff Benjamin Smith filed a Complaint under 42 U.S.C. § 1983 alleging claims regarding the handling of his legal mail and documents while he was incarcerated at Montana State Prison.  (Doc. 2.)  On December 23, 2016, the Court received both a Notice of Dismissal (Doc. 9) and a Motion to Strike the Notice of Dismissal (Doc. 10).  Mr. Smith sought to dismiss this action in order to proceed in forma pauperis in another case.  He has now settled one of his other cases and no longer wishes to dismiss this case.  In light of these circumstances, the Court will grant the motion to strike the notice of dismissal and will proceed with the review required by 28 U.S.C. §§ 1915, 1915A.

Mr. Smith's claims that Defendants Deyott, Clark, and Jovanovich withheld or destroyed his mail are sufficient to state a claim under the First Amendment. These Defendants will be required to respond to these claims.  All other claims and

1

Defendants Turner, McDonald, and Durkin should be dismissed.

## I. STATEMENT OF THE CASE

### A.    Parties

Mr. Smith is a state prisoner currently incarcerated at Montana State Prison (MSP) in Deer Lodge, Montana.  He is proceeding in forma pauperis and without counsel.  He names the following Defendants:  Unit Manager Sam Jovanovich, Unit Manager Scott Clark, Case Manager Joe Turner, Mailroom Supervisor Denise Deyott, Unit Sergeant Ron McDonald, and Correctional Officer Ryan Durkin. (Complaint, Doc. 2 at 5.)

### B.    Allegations

In Count I, Mr. Smith alleges the defendants violated his First Amendment, Fourth Amendment, and Fourteenth Amendment rights because after he filed a federal complaint in 2014, Denise Deyott, the MSP Mailroom Supervisor began withholding, losing, and opening legal confidential mail without Mr. Smith being present.  In May, he contends that some legal documents which were to be mailed to the federal court and state's attorney were lost which led to his case being possibly dismissed.  He alleges Ms. Deyott withheld legal mail and barred him from accessing the court and providing the court with a timely response.

In Count II, Mr. Smith alleges his Fourth Amendment and Fourteenth

Amendment due process and equal protection rights were violated when Scott Clark, the MSP Locked Housing Unit two, Unit Supervisor, withheld and opened legal confidential mail without Mr. Smith being present.  Mr. Smith alleges these actions prohibited him from responding to the Court and the state attorney within the time required by the civil rules placing him at an unfair position in pending litigations.  (Doc. 2 at 7.)

In Count III, Mr. Smith alleges his First Amendment, Fourth Amendment, and Fourteenth Amendment due process and equal protection rights were violated when Unit Manager Sam Jovanovich withheld legal mail from this Court and the state's attorney for more than three weeks.  He also alleges these mailings were opened outside of his presence.  He alleges Lt. Jovanovich allowed Officers McDonald and Durkin to destroy his legal documents pertaining to a pending civil case.  (*Id*. at 8, 10.)

In Count IV, Mr. Smith alleges his First Amendment, Fourth Amendment, and Fourteenth Amendment due process and equal protection rights were violated when Case Manager Joe Turner was given several legal documents to copy and Mr. Turner either lost or destroyed the documents.  (*Id*. at 9.)

In Count V, Mr. Smith alleges his First Amendment, Fourth Amendment, and Fourteenth Amendment due process and equal protection rights were violated

3

when, on May 13, 2015, Sgt. McDonald and Officer Durkin entered his cell, handcuffed him, escorted him from the building and then were seen going through his legal documents and religious papers.  Once he was released from locked housing he noticed that several of his legal documents had been destroyed.  (*Id*. at 10.)

## II.  INITIAL SCREENING

Mr. Smith is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A.  Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint is malicious if not pleaded in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).  Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state

4

a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(e) ("Pleadings must be construed as to do justice.").

28 U.S.C. §§ 1915, 1915A requires a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The Court liberally construes Mr. Smith's Complaint to allege the following First Amendment claims: (1) interference with mail (including withholding and destroying mail); (2) opening legal mail outside of Mr. Smith's presence; and (3) denial of access to the courts. He also alleged Fourteenth Amendment due process based upon the destruction of his documents, equal protection claims, and Fourth Amendment claims.

5

## A.  First Amendment Mail Claims

### 1.  Interference with Mail

Mr. Smith raises two claims regarding his mail.  First, he alleges that
Defendants Deyott, Clark, and Jovanovich withheld or destroyed his mail.
Prisoners have protected First Amendment interests in both sending and receiving
mail.  *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safley*, 482 U.S. 78
(1987).  "The decision to censor or withhold delivery of a particular letter must be
accompanied by minimum procedural safeguards."  *Procunier v. Martinez*, 416
U.S. 396, 417 (1974), *overruled on other grounds, Thornburgh v. Abbott*, 490 U.S.
401 (1989).  Prison regulations or practices affecting a prisoner's receipt of
non-legal mail implicate First Amendment rights and must be "reasonably related
to legitimate penological interests."  *Thornburgh*, 490 U.S. at 409 (*quoting Turner*,
482 U.S. at 89).

Mr. Smith's claims that Defendants Deyott, Clark, and Jovanovich withheld
or destroyed his mail as alleged in Counts I, II, and III are sufficient to state a
claim and these Defendants will be required to respond to these claims.

### 2.  Opening of "Legal Mail"

Mr. Smith also alleges that his "legal mail" was opened outside of his
presence.  (Counts I, II, and III).  Prison officials may examine an inmate's mail

6

without infringing his rights and inspect non-legal mail for contraband outside the inmate's presence. *United States v. Wilson*, 447 F.2d 1, 8 n. 4 (9th Cir. 1971); *Witherow v. Paff*, 52 F.3d 264, 265–66 (9th Cir. 1995) (upholding inspection of outgoing mail). Prison officials must institute procedures for inspecting "legal mail" but that only pertains to mail sent between attorneys and prisoners. *Wolff v. McDonnell*, 418 U.S. 539 at 576-577 (1974). In the Ninth Circuit, "mail from the courts, as contrasted with mail from a prisoner's lawyer, is not legal mail." *Keenan v.. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996). Similarly, mail to and from state agencies is not "legal mail," and may be opened and inspected outside an inmate's presence. *O'Keefe v. Van Boening*, 82 F.3d 322, 325–27 (9th Cir. 1996) (holding that inspection of grievance mailings to state agencies did not violate First Amendment); *Grigsby v. Horel*, 341 Fed. Appx. 314, 314–15 (9th Cir. 2009).

Mr. Smith alleges mail sent to the federal court and to the attorney representing the State in a pending federal action was opened outside of his presence. These mailings, however, are not considered "legal mail" protected from inspection outside an inmate's presence. Mr. Smith's allegations regarding the opening of his mail from the Court and the state's attorney are insufficient to state a federal claim upon which relief may be granted and should be dismissed.

7

### 3.  Denial of Access to the Courts

Inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  This includes "both a right to meaningful access to the courts and a broader right to petition the government for a redress of his grievances."  *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011).  Thus, there are two types of access to the courts claims:  "those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference."  *Silva*, 658 F.3d at 1102.

With regard to right to assistance, the Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Bounds*, 430 U.S. at 828.  That access must be "adequate, effective, and meaningful."  *Bounds*, 430 U.S. at 822.  This right of access to courts, however, is "limited to the pleading stage."  *Silva*, 658 F.3d at 1102.  That is, it only encompasses a right to bring complaints to federal court and not a right to the discovery of such claims or to litigate them effectively once filed with a court.  *See Lewis*, 518 U.S. at 354-55.

The right to be free to litigate without active interference "forbids states

8

from erecting barriers that impede the right of access of incarcerated persons."
*Silva*, 658 F.3d at 1102 (quotations and citations omitted).  This right goes beyond
the pleading stage.  *Id.*

To show a violation of either type of right to access to the courts, an inmate
must demonstrate "actual injury," in that there was a "specific instance" in which
he was denied access.  *Sands v. Lewis*, 886 F .2d 1166, 1171 (9th Cir. 1989); *see
also Lewis v. Casey*, 518 U.S. 343, 349 (1996).  The injury requirement is "not
satisfied by just any type of frustrated legal claim."  *Lewis*, 518 U.S. at 354-55.  It
is only satisfied if an inmate is denied access with regard to a direct appeal from
their conviction, habeas petitions, or civil rights actions challenging the conditions
of their confinement.  *Id*.  "Impairment of any other litigating capacity is simply
one of the incidental (and perfectly constitutional) consequences of conviction and
incarceration."  *Id.*

Mr. Smith has not alleged that he suffered an actual injury with regard to the
alleged denial of access to the courts.  At the time alleged in the Complaint, Mr.
Smith had two pending civil actions filed in this Court.  *Smith v. Kirkegard, et al.*,
Civil Action No. 6:14cv62-H-DLC-JTJ; *Smith v. Montana*, Civil Action No.
6:15cv13-H-DLC-JTJ.  None of Mr. Smith's claims in those cases have been
dismissed based upon any failure by him to respond or timely file a document.

There is no plausible denial of access to the courts under these facts.  The denial of access to the courts claims should be dismissed.

### B.  Fourth Amendment

There is no basis for a fourth amendment claim under the facts alleged.  An inmate has no "reasonable expectation of privacy in his prison cell entitling him to the protection of the Fourth Amendment against unreasonable searches and seizures."  *Hudson v. Palmer*, 468 U.S. 517, 536 (1984).   Thus, Mr. Smith's claims under the Fourth Amendment fail as a matter of law and should be dismissed.

### C.  Fourteenth Amendment

#### 1.  Due Process

Mr. Smith alleges in Count IV of his Complaint that Case Manager Joe Turner lost or destroyed several legal documents.  (Doc. 2 at 9.)  The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  To state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a protected liberty or property interest and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  *Kentucky Dep't of Corrections v. Thompson*,

490 U.S. 454, 459–60 (1989).

Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).  An authorized, intentional deprivation of property (one carried out pursuant to established state procedures) is actionable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 532, n. 13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985).  Negligent and/or unauthorized intentional deprivations of property by a state employee, however, do not "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533; *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (no due process violation where a state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).

Mr. Smith alleges High Side Unit One Case Manager Joe Turner was given several legal documents to copy.  (Doc. 2 at 9.)  He also alleges Defendants McDonald and Durkin searched his cell, did not follow procedures, and destroyed his legal papers.  (Doc. 2 at 10.)  Mr. Smith's only allegations are that these Defendants either lost or destroyed his documents.  He has only alleged either a

negligent or an unauthorized intentional deprivation of his documents.  Therefore, there is no due process violation if he has a meaningful post-deprivation remedy for the loss.  The Montana Tort Claims Act, Mont. Code Ann. §§ 2-9-101, *et seq.*, provides prisoners an adequate post-deprivation remedy.  Therefore, his due process claims fail as a matter of law.

## 2.  Equal Protection

The Equal Protection Clause requires, generally, that similarly situated defendants be treated similarly.  *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985).  An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Mr. Smith raised no allegation that he has been intentionally discriminated against or treated differently from other inmates.  All equal protection claims should therefore be dismissed.

## III.  CONCLUSION

Mr. Smith's claims that Defendants Deyott, Clark, and Jovanovich withheld

and/or destroyed his mail (as alleged in Counts I, II, and III) are sufficient to state a claim and these Defendants will be required to respond to these claims.  Mr. Smith's allegations that Defendants opened legal mail outside his presence, denied him access to the courts, lost or destroyed legal documents, and searched his cell and destroyed documents fail to state a federal constitutional claim and should be dismissed.  Counts IV and V and Defendants Turner, McDonald, and Durkin should be dismissed.

Based upon the foregoing, the Court issues the following:

## ORDER

1.  Mr. Smith's Motion to Strike his Notice of Dismissal (Doc. 10) is GRANTED.  The Notice of Dismissal (Doc. 9) shall be stricken.

2.  Mr. Smith's claims that Defendants Deyott, Clark, and Jovanovich withheld and/or destroyed his mail are sufficient to state a claim and these Defendants will be required to respond to these claims.[1]  Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Deyott, Clark, and Jovanovich to waive service of summons of Mr. Smith's Complaint by executing, or having counsel execute, the Waiver of Service of Summons.  The Waivers must be returned to the

---

[1] Defendants are not required to respond to Mr. Smith's claims which are recommended for dismissal herein.  Defendants Turner, McDonald, and Durkin are not required to file a responsive pleading as they are recommended for dismissal.

Court within **thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing**.  If Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within **60 days of the entry date of this Order as reflected on the Notice of Electronic Filing**, pursuant to Fed. R. Civ. P. 12(a)(1)(B).  *See also* 42 U.S.C. § 1997e(g)(2).

    3.  The Clerk of Court shall e-mail the following documents to Legal Counsel for the Montana Department of Corrections:

      *      Complaint (Doc. 2);
      *      this Order;
      *      a Notice of Lawsuit & Request to Waive Service of Summons; and
      *      a Waiver of Service of Summons.

    Counsel for the Montana Department of Corrections will not be served with a hard copy of these documents.

    4.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

5. Mr. Smith <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

6. Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

7. At all times during the pendency of this action, Mr. Smith must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Smith's claims regarding opening his legal mail outside of his presence should be **DISMISSED**.

2. Mr. Smith's denial of access to the court claims should be **DISMISSED**.

3. Mr. Smith's Fourth Amendment claims should be **DISMISSED**.

4. Mr. Smith's Fourteenth Amendment due process claims should be **DISMISSED**.

5. Mr. Smith's Fourteenth Amendment equal protection claims should be **DISMISSED**.

6. Defendants Joe Turner, Ron McDonald, and Ryan Durkin should be

**DISMISSED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 11th day of January 2017

/s/ John Johnston
John Johnston
United States Magistrate

---

[2]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BENJAMIN KARL SMITH, | CV 16-00048-H-DLC-JTJ |
| Plaintiff, | |
| vs. | Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |
| SAM JOVANOVICH, et al., | |
| Defendants. | |

TO:   Legal Counsel for the Montana
        Department of Corrections
        P.O. Box 201301
        Helena, MT 59620-1301

A lawsuit has been filed against individuals you may represent in this Court under the number shown above.  A copy of the Complaint is attached.

This is not a summons or an official notice from the court.  It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants were served on the date the waiver is filed, but no summons will be served on

1

Defendants and Defendants will have 60 days from the date this notice is sent (see

the date below) to answer the complaint.

If you do not return the signed waiver within the time indicated, the Court

will order the U.S. Marshals Service to serve the summons and Complaint on

Defendants and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary

expenses.

DATED this 11th day of January 2017.

 /s/ John Johnston
John Johnston
United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**
Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BENJAMIN KARL SMITH, | CV 16-00048-H-DLC-JTJ |
| Plaintiff, | |
| vs. | Rule 4 Waiver of Service of Summons |
| SAM JOVANOVICH, et al., | |
| Defendants. | |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case.  Defendants also received a copy of the Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

1

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)

2